UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
**DOMINIQUE LACHELLE LEFTWICH,**

                    Plaintiff,

       – against –

**MULLIGAN SECURITY,**

                    Defendant.
-------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

25-CV-4543 (AMD) (TAM)

**ANN M. DONNELLY,** United States District Judge:

On August 14, 2025, the *pro se* plaintiff brought this action against the defendant, her former employer, alleging discrimination and retaliation based on military status.  (ECF No. 1.)[1] On October 6, 2025, the Court dismissed her complaint for failure to state a claim.  (ECF No. 4.) Although the plaintiff did not give a basis for the Court's jurisdiction, the Court liberally construed her complaint to assert a claim pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301, *et seq*. ("USERRA").  The plaintiff cited "some military service," (ECF No. 1 at 5), as her qualification for the security job, but alleged only that her manager said that he "favors NYPD" (*id.*); she did not allege that the defendant was motivated by discriminatory animus toward her military status.  Accordingly, the Court concluded that the plaintiff did not allege facts that plausibly connected her military status to any adverse employment.  In an abundance of caution and in light of the plaintiff's *pro se* status, the Court granted her leave to amend.

---

[1] The Court assumes familiarity with the facts of this case, which are detailed in its October 6, 2025 Order.  (*See* ECF No. 4.)

On November 5, 2025, the plaintiff filed an amended complaint. (ECF No. 5.) She attached several documents as "evidence," including employee schedules and communications with supervisors, with handwritten notes explaining why the documents are relevant to her claim. However, the plaintiff did not cure the deficiencies the Court identified when it dismissed the first complaint; the plaintiff still does not allege facts that plausibly connect her military status to any adverse employment. Accordingly, the plaintiff's amended complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is respectfully directed to close this case, mail a copy of this Memorandum and Order to the plaintiff and note the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

_____s/Ann M. Donnelly_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      November 18, 2025